[Cite as *State v. Kovacic*, 2017-Ohio-9102.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-041** |
| DANIEL EDWARD KOVACIC, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 09 CR 000819.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Anna C. Kelley*, *Karen A. Sheppert*, and *Patrick J. Condon,* Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*L. Bryan Carr*, Carr, Feneli & Carbone Co., L.P.A., 1392 S.O.M. Center Road, Mayfield Heights, OH 44124 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Daniel Edward Kovacic, appeals the denial of his motion for a new criminal trial based upon alleged juror misconduct. He contends that his motion should have been granted due to credible evidence showing that a juror failed to disclose her prior relationship with the victim. We affirm.

{¶2} In January 2010, appellant was indicted on two counts of felonious assault

and one count of tampering with evidence. Following a jury trial in April 2010, he was convicted on all three counts. After merging the two felonious assault counts for purposes of sentencing, the trial court sentenced him to an aggregate prison term of ten years.

{¶3} This court affirmed appellant's conviction in all respects. *State v. Kovacic*, 11th Dist. Lake No. 2010-L-065, 2012-Ohio-219, 969 N.E.2d 322. His appeal to the Ohio Supreme Court was not accepted. *State v. Kovacic*, 131 Ohio St.3d 1555, 2012-Ohio-2263, 967 N.E.2d 765.

{¶4} Brenna Brunnet was one of the twelve jurors. Her son, Nathan Cooper, attended Willoughby North High School graduating in 2008. During high school, Cooper was an acquaintance/friend of Anthony "Bobby" Kepes, the victim of the felonious assaults. Cooper and Kepes occasionally ate lunch together in the school cafeteria and were baseball teammates for a number of years.

{¶5} During voir dire, the prosecutor asked prospective jurors if they knew Kepes. Brunnet did not respond, and was ultimately seated on the jury.

{¶6} Michael Corrao lived across the street from Brunnet during Cooper's high school years. Corrao and Cooper are the same age, knew each other and both attended Willoughby North. Corrao was a close friend of Kepes. Eighteen months after appellant's trial, Corrao tried to contact appellant's sister to talk to her about Brunnet serving on the jury. Initially, appellant's sister refused to talk to him because she knew that he and Kepes had been friends. When Corrao made several more attempts to speak with her, however, she relented, and he told her that Cooper's mother was a juror in her brother's case. After investigating further with her mother, appellant's sister made

2

the connection between Brunnet and Cooper.

{¶7} Subsequently, Corrao was placed in contact with appellant's attorney and he executed an affidavit concerning the connection between Brunnet and Kepes averring: (1) from sixth grade through high school, he, Cooper, and Kepes were close friends; (2) besides playing sports together, they would regularly sleep over at each other's homes and attend birthday parties; (3) the week of appellant's trial in April 2010, he was walking down the street near his house when he saw Brunnet and stopped to speak with her; (4) as part of the conversation, Brunnet told him that she was a juror in appellant's case; (5) when he asked Brunnet how that was possible when she knew Kepes, Brunnet responded that she kept quiet on the point; and (6) Brunnet further told him that she visited the crime scene and saw "blood all over the place."

{¶8} Based upon Corrao's affidavit, appellant moved for leave to file a motion for a new trial. In addition to arguing that Brunnet engaged in juror misconduct, he asserted that he was denied a fair trial due to Brunnet's failure to disclose that she knew Kepes. After the state responded, the trial court issued a judgment granting appellant leave to file, finding that he was unavoidably prevented from discovering the operative facts within fourteen days of the guilty verdict.

{¶9} In January 2016, appellant submitted his motion for new trial. In addition to Corrao's prior affidavit, appellant attached the affidavits of Kepes and two others who knew Cooper during high school. Kepes averred that he and Cooper were close friends at that time, and that he could recall seeing Cooper's mother, Brunnet, at baseball games and practices. He further stated that he did not look at the jury when he testified at appellant's trial. In opposing the motion, the state submitted Brunnet's affidavit, in

3

which she averred: (1) she did not know Kepes prior to appellant's trial; (2) she did not have a conversation with Michael Corrao about the trial; and (3) she answered all questions during voir dire completely and honestly.

{¶10} The trial court conducted an evidentiary hearing. Besides calling Brunnet on cross-examination, appellant presented the testimony of four of Cooper's high school friends, including Kepes and Corrao. Brunnet's and Corrao's testimony was entirely consistent with their statements in their respective affidavits. However, Kepes contradicted his affidavit by testifying that he could not recall ever seeing Brunnet, notwithstanding that she was Cooper's mother.

{¶11} In denying the motion, the trial court concluded that appellant did not establish that Brunnet lied in responding to questions during voir dire because appellant failed to prove Brunnet knew Kepes prior to appellant's trial. The court noted that, of the six witnesses appellant presented, only two, Brunnet and Corrao, gave relevant testimony regarding whether Brunnet knew Kepes as a result of his friendship with her son. As between Brunnet and Corrao, the trial court found her testimony to be more credible.

{¶12} Appellant timely appealed, raising one assignment of error for review:

{¶13} "The trial court erred in denying appellant's motion for a new trial."

{¶14} Crim.R. 33(A)(2) provides that jury misconduct constitutes a valid basis for granting a new criminal trial when the defendant's substantial rights have been materially affected. When a motion for a new trial is predicated upon alleged juror misconduct, the following applies:

{¶15} "'To obtain a new trial in a case in which a juror has not disclosed

4

information during voir dire, the moving party must first demonstrate that a juror failed to answer honestly a material question on voir dire and that the moving party was prejudiced by the presence on the trial jury of a juror who failed to disclose material information. To demonstrate prejudice, the moving party must show that an accurate response from the juror would have provided a valid basis for a challenge for cause. * * *. In determining whether a juror failed to answer a material question on voir dire and whether that nondisclosure provided a basis for a for-cause challenge, an appellate court may not substitute its judgment for the trial court's judgment unless it appears that the trial court's attitude was unreasonable, arbitrary, or unconscionable. * * *.' *State v. Balka*, 5th Dist. Licking No. 2008 CA 00119, 2009-Ohio-4857, ¶29, *Grundy v. Dhillon*, 120 Ohio St.3d 415, 2008-Ohio-6324." *State v. Necessary*, 11th Dist. Ashtabula No. 2013-A-0001, 2013-Ohio-4962, ¶17.

{¶16} The trial court decided the motion, concluding that Brunnet answered all questions honestly during voir dir.

{¶17} In challenging the trial court's finding, appellant first contends that the court erred in not giving any weight to the testimony of the other four witnesses presented. These witnesses include appellant's father, Thomas Kovacic, and three of Cooper's high school friends. Appellant asserts their testimony established that Brunnet knew Kepes before the 2010 trial because her son and Kepes were close friends during high school.

{¶18} Thomas Kovacic only testified that he once introduced himself to Brunnet at a baseball game, and that he gave rides to both Cooper and Kepes to games during the one season he was their baseball coach. He did not testify that he ever saw

5

Brunnet and Kepes together. Of the three former high school friends who testified, one was Kepes himself. Although Kepes testified that he was acquainted with Cooper during high school, he denied knowing Brunnet.

{¶19} Both of the remaining two high school friends/witnesses testified that Cooper and Kepes were close before graduating in 2008. One of them also testified that he could recalled seeing Kepes at Cooper's home, but never when Brunnet was also there. Accordingly, none of these witnesses established that Brunnet knew Kepes.

{¶20} Under the second part of his argument, appellant contests the trial court's credibility determination. He first maintains that Brunnet had significant reason to lie about not knowing Kepes as a result of his relationship with her son. He also argues that Brunnet had motive to lie at the motion hearing because, had she admitted that she lied in voir dire, she could have been charged with perjury. As to Corrao, appellant argues that his testimony is believable because, unlike Brunnet, he simply had no reason to lie.

{¶21} "It is well-settled that 'the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts.' *State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. A reviewing court gives great deference to the factfinder's determination of credibility because 'the trier of fact is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' *State v. Wright*, Franklin App. No. 03AP470, 2004-Ohio-677, at ¶11." *State v. Kring*, 10th Dist. Franklin No. 07AP-610, 2008-Ohio-3290, ¶44.

{¶22} The trial court's ultimate finding that Brunnet honestly answered during

voir dire is supported.

{¶23} Appellant's sole assignment of error is without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.